**James Arthur STARKE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9592.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 9, 1964.

Decided Nov. 13, 1964.

Murray J. Janus, Richmond, Va. (Court-assigned counsel) [Bremner, Merhige, Bryne, Montgomery & Baber, Richmond, Va., on brief], for appellant.

James A. Oast, Jr., Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and J. SPENCER BELL, Circuit Judges, and WINTER, District Judge.

PER CURIAM MEMORANDUM ORDER.

Starke's employed counsel filed a notice of appeal to this Court after Starke's conviction with others of violations of revenue laws relating to whisky. Nothing further was done to perfect the ap-

peal, however. The appeal was dismissed after counsel failed to respond to the Court's communications, to file a brief or to appear for oral argument.

Meanwhile, however, a codefendant perfected his appeal, which resulted in an order of reversal.[1] The evidence in the trial shows the successful appellant, Burgess, and Starke arrived at the scene together, and the tendered proof of their participation in the illegal activity was precisely the same. Starke, now in prison, feels aggrieved that he is held there upon a judgment of conviction supported only by evidence which has finally been held insufficient to convict his codefendant.

Starke filed in the District Court a motion to vacate his sentence pursuant to Title 28 U.S.C.A. § 2255. The motion was founded upon a claim of insufficiency of representation by his retained counsel who failed to perfect his appeal to this Court. The District Court denied the motion, since there was no claim of want of counsel in the District Court, the Judge being of the opinion he had no jurisdiction to consider a claim of deprivation of counsel in this Court.

Starke has appealed from the denial of his motion.

We think the District Judge properly refused to consider the claim of deprivation of counsel in this Court, but, under the circumstances, we think we may, and should, treat the papers as an application to reinstate the former appeal. The District Court's denial of relief will be affirmed, but the papers will be retained in this Court as an application to reinstate the earlier appeal.

Before we can act upon an application to reinstate the appeal, we must have the answer to a factual question. Starke alleges that his retained counsel failed to perfect the appeal and to preserve his rights without notice to him and without his consent, but whether there was an understanding waiver of the right to appeal can be determined only after a plenary hearing, during which Starke and his former attorney may both testify. We will refer this factual question to the District Court, with the request that it be heard expeditiously, and that the testimony and findings thereon be reported back to us as soon as possible thereafter.

The papers are accepted as a new application to reinstate the appeal, and a question of fact is referred to the District Court.

1. United States v. Paige, 4 Cir., 324 F.2d 31.