**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward Warren WINTERHALDER,**
**Defendant-Appellant.**

**No. 83–1147.**

United States Court of Appeals,
Tenth Circuit.

Dec. 28, 1983.

---

Edward Warren Winterhalder, pro se.

Frank Keating, U.S. Atty., and Kenneth P. Snoke, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court denying, in part, defendant's motion pursuant to 28 U.S.C. § 2255. Defendant also seeks to bring a direct criminal appeal of his judgment of conviction based upon the district court's order granting defendant an out-of-time appeal.

The question presently before this court is whether the district court, having found that the dismissal of defendant's direct criminal appeal for failure to prosecute was the result of ineffective assistance of counsel, had the authority under 28 U.S.C. § 2255 to create appellate jurisdiction.

In 1981 defendant was found guilty, after a trial to a jury, of receipt of stolen mail in violation of 18 U.S.C. § 1708 and check forgery in violation of 18 U.S.C. § 495. Pursuant to the judgment and commitment of September 22, 1981, defendant was sentenced to four years imprisonment and fined $1,000 on Count 1 and a suspended sentence of three years and a fine of $1,000 on Count 2. Defendant's retained counsel filed a timely notice of appeal from the judgment of conviction (Appeal No. 81–2158). On November 10, 1981 defendant's direct appeal was dismissed for lack of prosecution pursuant to Tenth Cir. R. 15.

After an unsuccessful motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(b), defendant commenced the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on September 10, 1982. In his § 2255 motion, defendant set forth two grounds for relief: (1) denial of his right to a direct criminal appeal; (2) ineffective assistance of counsel. After conducting an evidentiary hearing, the district court found that defendant had been deceived by his attorney into believing his case was being appealed and that defense counsel did not follow through with the appeal after having filed a timely notice. No appeal has been taken from this finding. The district court held that defendant was denied effective assistance of counsel on appeal and was therefore entitled to post-conviction relief in the form of an out-of-time appeal.

The district court also found that defendant received effective assistance of counsel in all other respects. Based upon these findings and conclusions, the district court ordered that "[defendant's] motion is sus-

tained in that he was denied adequate counsel and his counsel failed to proceed with his appeal following the filing of a timely notice of appeal. Pursuant hereto [defendant] is directed to file this date a notice of appeal, from which the appeal pursuant to this order will commence."

As a result, defendant appealed from the judgment of conviction of September 22, 1981, as well as the district court's order of January 21, 1983 insofar as that order denied relief for defendant's claim of ineffective assistance of counsel at trial.

In the instant appeal, counsel was appointed for defendant, but upon discovery of the possible jurisdictional defect the appointment was vacated pending the resolution of the jurisdictional problem. The parties were asked to address the jurisdictional question, and both parties have responded.

■ "Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right." *Coppedge v. United States,* 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21 (1962). The criminal defendant is entitled to counsel on his first appeal of right as a matter of constitutional law. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

This circuit has held that counsel appointed to represent indigent persons on appeal must advise them of their right to appeal and perfect an appeal if that is the client's wish. *Jackson v. Turner,* 442 F.2d 1303, 1307 (10th Cir.1971). Of course, later decisions have shown that a defendant who retains counsel is entitled to the same constitutional protections as the indigent whose counsel is appointed. *See, e.g., Cuyler v. Sullivan,* 446 U.S. 335, 345, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).

A line of Fifth Circuit decisions holds that when Sixth Amendment rights have been violated by counsel who promises but fails to file a timely appeal, the proper remedy under 28 U.S.C. § 2255 is an out-of-time appeal. *See, e.g., Mack v. Smith,* 659 F.2d 23, 25–26 (5th Cir.1981); *Atilus v. United States,* 406 F.2d 694, 698 (5th Cir.

1969). It was this line of cases that the district court relied upon in granting defendant a new appeal.

■ The proper remedy for a denial of effective assistance of counsel in the prosecution of an appeal is a question of first impression in this circuit. The relief granted by the district court here was to order defendant to file a new notice of appeal which would purportedly resurrect defendant's earlier direct criminal appeal. The filing of a notice of appeal, however, transfers jurisdiction over the matter from the district court to the court of appeals, and the power to reinstate an appeal previously dismissed for failure to prosecute lies with the court of appeals, not the district court. *See Williams v. United States,* 307 F.2d 366 (9th Cir.1962).

■ 28 U.S.C. § 2255 is not the proper vehicle for the reinstatement of an appeal which has been dismissed by this court for failure to prosecute. We agree with the position of the Ninth Circuit that, "if an appeal is improvidently dismissed in this court, the remedy is by way of a motion directed to this court asking for a recall of the mandate or certified judgment so that this court may determine whether the appeal should be reinstated." *Williams v. United States,* 307 F.2d at 368; *accord Rivera v. United States,* 477 F.2d 927, 928 (3d Cir.1973); *Starke v. United States,* 338 F.2d 648, 649 (4th Cir.1964).

■ Because the effect of the district court's order is to reinstate defendant's earlier appeal, we hold that the district court lacked the authority under 28 U.S.C. § 2255 to create appellate jurisdiction by directing defendant to file a notice of appeal. Nevertheless, because the district court's findings of fact are unchallenged and the legal conclusion of ineffectiveness of counsel is correct, we will treat the notice of appeal as an application to recall the mandate in defendant's earlier appeal, No. 81–2158. The factual finding of the district court regarding the dismissal of defendant's direct criminal appeal justifies a recall of our mandate and a reinstatement of appeal No. 81–2158.

■ Accordingly, we adopt the district court's findings that defendant was denied the right to effective assistance of counsel on appeal. By order entered this same date, the mandate shall be recalled and the appeal reinstated. The reinstatement of defendant's direct criminal appeal allows defendant to raise any and all claims of error properly available to him. Without expressing any opinion as to the merit of defendant's claim of ineffectiveness of counsel at trial and in order to preserve the record made by the district court, the matter is remanded with instructions to the district court to consolidate the record of the § 2255 proceedings with the record in the direct criminal appeal and they shall be certified together in No. 81–2158.

The mandate shall issue forthwith.