**Gene ALLEN, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**Nos. 87–5001, 90–6217.**

United States Court of Appeals, Sixth Circuit.

July 11, 1991.

Maria G. Ransdell, Lexington, Ky., for petitioner-appellant.

James E. Arehart, Asst. U.S. Atty., Louis DeFalaise, U.S. Atty., Lexington, Ky., for respondent-appellee.

Before NELSON and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.

## ORDER

Case No. 90–6217 is an appeal by Gene Allen from a denial of a motion to vacate his sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

In 1986 a jury found Mr. Allen and two co-defendants guilty of conspiracy to travel in interstate commerce with intent to commit murder in violation of 18 U.S.C. § 371. Mr. Allen was sentenced to five years' imprisonment and was assessed the sum of $50 pursuant to the Comprehensive Crime Control Act of 1984. His retained counsel then filed a timely notice of appeal from the judgment of conviction. On January 23, 1987, that appeal (Case No. 87–5001) was dismissed by this court for want of prosecution.

On August 18, 1988, Mr. Allen filed a motion in the district court under 28 U.S.C. § 2255 asking that his sentence be vacated because of an alleged defect in the indictment. Subsequent amendments set forth other grounds for collateral relief, including ineffective assistance of appellate counsel.

After conducting an evidentiary hearing, a magistrate recommended that Mr. Allen's § 2255 motion be denied, but that Mr. Allen be permitted to file an out-of-time appeal because of his counsel's ineffective assistance. After reviewing the magistrate's report and recommendation and the parties' objections, the district court issued a memorandum opinion and order giving Mr. Allen 60 days to file an out-of-time appeal of his conviction.

Mr. Allen promptly filed a second notice of appeal from the judgment of conviction (Appeal No. 89–6078). Concluding that the district court lacked the authority to grant an out-of-time appeal, this court dismissed that appeal for lack of appellate jurisdiction. *United States v. Allen*, 907 F.2d 151 (table) (6th Cir.1990).

Mr. Allen then filed another § 2255 motion in the district court, asking that his sentence be vacated and reimposed so that the time for appeal could start running anew. In an order dated September 13, 1990, the district court denied the motion. This appeal followed.

We shall affirm the order. The district court correctly ruled that our decision in *United States v. Allen*, 907 F.2d 151, precludes use of 28 U.S.C. § 2255 to circumvent the requirements of Rule 4, Fed. R.App.P.

There is a related matter that we must address. On November 5, 1990, Mr. Allen moved this court to reinstate Case No. 87–5001. A motions panel concluded that the question of reinstatement "is more appro-

priately addressed to the panel assigned to determine the defendant's appeal ... in Case No. 90–6217."

 Turning to that question, we conclude that Case No. 87–5001 ought to be reinstated. This court's decision in *Freels v. Hills*, 843 F.2d 958, 962–963 (6th Cir.), *cert. denied*, 488 U.S. 997, 109 S.Ct. 567, 102 L.Ed.2d 591 (1988), teaches that appellate counsel's failure to meet the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), is presumptively prejudicial and, therefore, need not be measured by the standards announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Mr. Allen's first appellate counsel (who has since been replaced) failed to meet the requirements established in *Anders*. Accordingly, and because we find the reasoning of the Tenth Circuit in *United States v. Winterhalder*, 724 F.2d 109, 111–112 (10th Cir.1983), persuasive, Appeal No. 87–5001 will be reinstated.

The district court's order of September 13, 1990, is affirmed. The mandate in Appeal No. 87–5001 is recalled, and that appeal is reinstated. For purposes of Rule 31, Fed.R.App.P., Mr. Allen will have 40 days from the filing of this order within which to file and serve his brief.