977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia BORCH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1477.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KEITH, KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Patricia Borch, a pro se federal prisoner, appeals the district court's order denying her motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Borch pleaded guilty in September 1988 to one count of conspiracy to distribute cocaine and marijuana. The district court sentenced Borch on December 13, 1988, to 108 months imprisonment and 3 years supervised release. Fifteen other counts against Borch were dismissed at that time. A panel of this court affirmed the district court's judgment on direct appeal. See United States v. Borch, No. 88-2287 (6th Cir. Nov. 8, 1989) (per curiam).
 
 
 3
 In her motion to vacate, Borch raised three grounds for relief: (1) her counsel was ineffective, (2) her culpability in the conspiracy was minimal, and (3) the gun charge should have been dropped.
 
 
 4
 The district court found Borch's second and third grounds for relief to be meritless. It also found three of the supporting bases for Borch's ineffective assistance of counsel claim to be meritless and concluded that, although counsel may have been ineffective for failing to file a reasonably acceptable appeal, it had no authority to remedy any such failure. Consequently, the district court denied Borch's motion in an order filed December 20, 1991. It did not expressly address Borch's claim that counsel coerced her into pleading guilty.
 
 
 5
 Borch filed a timely "Motion to Reconsider Order or in Lieu Appeal and/or Alternative Sentencing." The district court initially treated this pleading as a motion to reconsider and denied it in an order filed January 21, 1992. The same motion was also treated as a timely notice of appeal to this court.
 
 
 6
 On appeal, Borch argues that: (1) she was coerced into pleading guilty, (2) counsel was ineffective at trial and on appeal, (3) her presentence investigation report (PSI) was incorrect, and (4) call 476 (obtained through a wiretap on her telephone) was erroneously admitted into evidence.
 
 
 7
 Upon review, we affirm the district court's order in part, vacate in part and remand this case for further proceedings. Relief is granted under § 2255 only if the movant has established a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Borch's fourth issue on appeal was not presented to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). There are no exceptional circumstances present in this case. In any event, the issue is patently meritless.
 
 
 9
 We affirm the district court's order as to Borch's third issue on appeal. This issue appears to be a consolidation and attempted clarification of her second and third issues as brought before the district court. Although inartfully drafted, they challenge the two enhancements to Borch's sentence pursuant to U.S.S.G. §§ 2D1.1(b)(1) and 3B1.1(b). Undisputed information provided in Borch's PSI supports the district court's finding that the evidence warranted application of the enhancements, which were incorporated as part of Borch's Rule 11 plea agreement. Furthermore, because Borch did not object to these enhancements at sentencing, she has waived her right to appeal them. See United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 10
 We affirm the district court's order as to Borch's ineffective assistance of counsel in part and vacate in part.
 
 
 11
 The district court expressly considered only four of Borch's five grounds for asserting ineffective assistance of counsel. Because it did not address her assertion that counsel coerced her into pleading guilty, that claim is remanded for initial consideration by the district court.
 
 
 12
 The district court's finding that there was no prejudice to Borch's defense, as required under Strickland v. Washington, 466 U.S. 668, 686 (1984), from counsel's alleged failure to remain with her during an FBI interrogation is affirmed for the reason stated by the district court.
 
 
 13
 Borch has abandoned on appeal her arguments involving counsel's alleged failure to enforce the Speedy Trial Act and failure to keep track of the plea agreement timetable. Thus, they are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). At any rate, they are meritless for the reasons stated by the district court.
 
 
 14
 Borch has asserted the new grounds of counsel's alleged failure to file a motion to suppress evidence and to adequately investigate. As there are no exceptional circumstances, these issues are not considered for the first time on appeal. See Taft Broadcasting Co., 929 F.2d at 243-45.
 
 
 15
 The district court stated in its order that Borch's argument that her attorney failed to file a reasonably acceptable appeal on her behalf "may have some validity, but it is beyond the authority of the District Court to do anything about it." Again, in its Order Denying Motion for Reconsideration, the district court noted that it "has already suggested that she may have had ineffective assistance of appellate counsel. The District Court can do no more." In suggesting that Borch may have a valid claim, yet not conducting a hearing or issuing findings of fact, the district court appears to believe itself to be without authority to investigate an ineffective assistance of appellate counsel claim raised in a § 2255 motion. This belief is incorrect, although the district court's authority to remedy a case of ineffective assistance of appellate counsel is, indeed, limited.
 
 
 16
 A claim of ineffective assistance of appellate counsel is properly raised in a § 2255 motion before the district court because "district courts are the best forums to conduct any inquiries into counsel's strategic decisions that may prove necessary." See Page v. United States, 884 F.2d 300, 301-302 (7th Cir.1989). However, once the district court has made findings of fact and concluded that appellate counsel was ineffective, its options are extremely limited. This court has held that § 2255 may not be used to circumvent the requirements of Fed.R.App.P. 4. See Allen v. United States, 938 F.2d 664, 665 (6th Cir.1991). Thus, the district court may neither allow an out-of-time filing of a renewed appeal of the movant's conviction, nor vacate and reimpose its judgment of conviction in order to recommence the time for appeal. Id.
 
 
 17
 We remand the issue of ineffective assistance of appellate counsel to the district court to issue findings of fact and conclusions of law after conducting an appropriate investigation. If the district court concludes that appellate counsel was ineffective, it may, in its order on remand, recommend that this court reinstate Borch's direct appeal upon an appropriate motion by Borch. The issue will then be before this court with an adequate record for review.
 
 
 18
 Borch did not present her coerced guilty plea issue to the district court. As there are no exceptional circumstances present, this court will not address the issue. See Taft Broadcasting Co., 929 F.2d at 243-45. Moreover, because Borch did not attempt to withdraw her plea at sentencing or on direct appeal, she is deemed to have waived that issue. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 19
 Accordingly, we affirm the district court's order as to Borch's grounds for relief relating to the sentencing enhancements and ineffective assistance of counsel based upon failure to remain with Borch during an FBI interrogation, failure to enforce the Speedy Trial Act, and failure to keep track of the plea agreement timetable. We vacate the district court's order as to Borch's grounds for relief relating to ineffective assistance of trial counsel based upon coerced guilty plea and ineffective assistance of appellate counsel. We remand this case to the district court for further proceedings consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.