47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia BORCH, Petitioner-Appellant,
v.
UNITED STATES of America Respondent-Appellee.
 No. 94-1207.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: RYAN and BATCHELDER, Circuit Judges; and EDGAR, District Judge*
 PER CURIAM.
 
 
 1
 On June 8, 1988, a grand jury returned a superseding indictment charging Patricia Borch, as well as her three children and many other individuals, with conspiracy, possession with intent to distribute 101 grams of cocaine, possession with intent to distribute 1665 grams of marijuana, numerous counts of using a telephone to facilitate a drug conspiracy and two firearms counts.
 
 
 2
 Pursuant to her Rule 11 plea agreement, Borch pled guilty to one count of conspiracy to distribute cocaine and marijuana. In return, the government agreed that Borch would be sentenced at the low end of the applicable guideline range, and that all remaining counts against her in the indictment would be dismissed. On December 13, 1988, using the calculations included in the worksheets attached to the Rule 11 agreement, the district court sentenced Borch to 108 months imprisonment and three years supervised release.
 
 
 3
 Borch filed a timely notice of appeal, but raised on appeal only two issues, neither of which related to her own trial, conviction or sentence. This court affirmed both her conviction and her sentence.
 
 
 4
 On October 4, 1991, Borch filed a motion to vacate under 28 U.S.C. Sec. 2255, raising three issues: ineffective assistance of counsel; Borch's culpability in the conspiracy; and the propriety of certain charges relating to firearms. The ineffective assistance of counsel claim consisted of allegations that Borch's counsel did not remain with her during FBI questioning, did not enforce the Speedy Trial Act, used her children to coerce her guilty plea, did not know when plea agreements were due, and failed to file a proper appellate brief on her behalf. The district court denied the Sec. 2255 motion and Borch appealed. This court affirmed on all issues but two, and remanded the case to the district court for a finding on the ineffective assistance of counsel claim relative to Borch's appeal, and on the claim regarding the allegedly coerced guilty plea. Borch subsequently withdrew her claim of ineffective assistance of counsel based on the coerced guilty plea allegation.
 
 
 5
 Borch filed a motion for reinstatement of her direct appeal and for an evidentiary hearing, and in September of 1993, the district court held an evidentiary hearing and ordered further proceedings. Borch then filed an amended Sec. 2255 motion to vacate her sentence, alleging ineffective assistance of counsel at the sentencing stage. After oral argument on January 25, 1994, the district court denied Borch's Sec. 2255 motion and recommended against reinstating Borch's direct appeal.
 
 
 6
 Borch now appeals on three issues, assigning as error the district court's (1) relevant conduct determination, (2) finding that her counsel did not render ineffective assistance as trial counsel, and (3) recommending against reinstatement of the direct appeal, despite finding her counsel ineffective as appellate counsel. For the following reasons, we affirm.
 
 I.
 
 7
 Borch originally alleged that her counsel offered ineffective assistance as trial counsel because he failed to request a relevant conduct determination at sentencing. The district court judge, however, found that trial counsel had not been ineffective, stating that if a relevant conduct hearing had been held at the time of sentencing, he "more than likely" would have found Borch accountable for at least five kilograms of cocaine (instead of the 2 to 3.4 kilograms which served as the basis for her sentence) and would have increased her sentence by sixty months. Borch asserts that the district court, in making this statement, failed to differentiate her relevant conduct from that of her co-conspirator, Dennis Todd.
 
 
 8
 Our decision in United States v. Jenkins, 4 F.3d 1338 (6th Cir. 1993), cert. denied, 114 S. Ct. 1547 (1994), requires that in order to hold a participant in a conspiracy responsible for the conduct of other conspirators, the sentencing court must find that such conduct was both reasonably foreseeable to the participant and performed in furtherance of the jointly undertaken activity. Id. at 1346. Here, the district court had ample evidence to support its conclusion that Borch organized and managed co-conspirator Todd's drug distribution ring from her apartment and was responsible for kilograms, as opposed to grams, of cocaine. While we shall not list all that evidence here, one aspect of the record we find particularly salient is Borch's statement to the FBI that she knew Todd had brought back three kilograms of cocaine from one of his many trips to Florida. Neither the district court's finding that Borch was responsible for 2 to 3.4 kilograms of cocaine nor its finding that Borch's trial counsel was not ineffective in regard to the relevant conduct determination is clearly erroneous.
 
 II.
 
 9
 Borch challenges the district court's factual findings made at the evidentiary hearing on her claim of ineffective assistance of counsel. A defendant who claims ineffective assistance of counsel must show both that counsel's performance was deficient and that it resulted in prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show deficiency, the defendant must identify specific "acts or omissions [that] were outside the wide range of professionally competent assistance." Id. at 690. To show prejudice, the defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This court has read Strickland as permitting a conclusion of ineffective assistance of counsel "only if [counsel's] performance below professional standards caused the defendant to lose what he otherwise would probably have won." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992), cert. denied, 113 S. Ct. 2969 (1993).
 
 
 10
 In this case, even if we assume that Borch's counsel was ineffective in all of the ways that she claims, the record demonstrates that Borch was heavily involved in a major cocaine trafficking operation and that Borch's plea bargain resulted in the dismissal of the vast majority of the indictment's counts and a sentence at the low end of the range for conspiracy. Furthermore, by pleading guilty pursuant to the Rule 11 agreement, Borch escaped a mandatory five-year sentence for the firearm charge and the risk that she would be held accountable for considerably higher quantities of drugs for which she would receive a considerably higher sentence. We cannot say that the district court erred in finding that Borch failed to meet Strickland's requirement that she demonstrate a "reasonable probability" of a different result "but for counsel's unprofessional errors."
 
 III.
 
 11
 Finally, we hold that Borch is not entitled to have her direct appeal reinstated. The record before us includes both the proceedings in the trial court and the proceedings held pursuant to the remand of parts of Borch's Sec. 2255 motion. We have carefully reviewed that record and conclude that the district court correctly determined that there are no meritorious issues which could be raised on appeal. This is not a case in which the failure of appellate counsel to comply with the Anders[1] requirements resulted in the frustration of the defendant's right to have her case reviewed on appeal, as was the situation in Allen v. United States, 938 F.2d 664 (6th Cir. 1991).[2] Here, although the record has come before us through the appeals of the district court's denials of Borch's motions to vacate filed pursuant to 28 U.S.C. Sec. 2255, the record is nonetheless before us, we have reviewed it in its entirety, including the record of the evidentiary hearing after remand of the claim of ineffective assistance of appellate counsel, and we have concluded that no issues remain which Borch could raise on appeal if her demand to reinstate her direct appeal were granted.
 
 IV.
 
 12
 For the forgoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Anders v. California, 386 U.S. 738 (1967)
 
 
 [2]
 In Allen, we did not address on appeal the substance of either of the Sec. 2255 motions. Indeed, it appears from the opinion in that case that the district court did not address the merits of those claims either. Rather, the district court first ordered that the defendant should be permitted to file an out-of-time appeal, and when that order was reversed, the district court dismissed the subsequent Sec. 2255 motion because it was simply attempting to circumvent the Federal Rules of Appellate Procedure. Therefore, unless the defendant's direct appeal was reinstated, the defendant was left without any appellate review of his assignments of error