**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALONZO GONZALES CONTRERAS,
also known as AL CONTRERAS,

    Defendant-Appellant.

No. 01-6406

(D.C. No. CR-01-22-T)

(W. D. Oklahoma)

**ORDER DENYING REINSTATEMENT OF DIRECT APPEAL**

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Alonzo Gonzales Contreras seeks reinstatement of his direct appeal, more than three years after its dismissal for failure to prosecute, and nearly two years after the district court denied his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255. We deny Contreras' motion to reinstate, which rests on ineffective assistance of counsel grounds, because he failed to appeal the denial of his § 2255 motion where the same ineffective assistance of counsel argument was rejected.

I.

This case began its tortured path through the federal courts after a jury convicted Contreras on May 16, 2001, of conspiracy to manufacture, possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846, distribution of

methamphetamine in violation of 21 U.S.C. § 841(a), and attempt to distribute

methamphetamine in violation of 21 U.S.C. § 846. Following sentencing, Contreras hired

new counsel and filed a notice of appeal on November 16, 2001, appealing both his

conviction and sentence. From March 2002 to June 2002, we granted Contreras three

extensions of time to file an opening brief. In our order granting the third extension, we

set June 13, 2002, as his final deadline and warned that we would dismiss his appeal for

failure to prosecute if he failed to file his opening brief by that date. After Contreras

failed to file an opening brief by the June 13, 2002 deadline, and failed to move for an

extension of time until June 18, 2002, we dismissed his appeal on June 21, 2002 pursuant

to Tenth Circuit Rule 42.1 for failure to prosecute. That same day, we issued the mandate

in his direct appeal.

Instead of attempting to revive his direct appeal by filing a motion to reinstate

immediately following our dismissal for failure to prosecute, Contreras filed a motion to

vacate, set aside, or correct his sentence in federal district court pursuant to § 2255 on

June 18, 2003, using the same attorney in the § 2255 action as he had employed in his

direct appeal. In his § 2255 motion, Contreras raised a number of issues including his

assertion that both his trial <u>and</u> appellate counsel were ineffective.[1] (By raising the

---

[1] The other issues that Contreras raised in his § 2255 motion included: (1) improper admission of hearsay testimony at trial; (2) insufficient evidence to support his conviction; (3) the drug quantity used to determine his sentence was not calculated correctly; (4) improper enhancement of his sentence on the basis of his supervisory role and prior felony convictions; and (5) his life sentence constituted cruel and unusual punishment.

ineffectiveness of appellate counsel, counsel was identifying his <u>own</u> shortcomings as appellate counsel.) Regarding the ineffective appellate counsel claim, Contreras argued that his appellate counsel was ineffective for causing his appeal to be dismissed for failure to prosecute.

On January 28, 2004, the district court denied Contreras' § 2255 motion because he had failed to raise his issues previously on direct appeal and had shown neither cause nor prejudice excusing his procedural default on those claims. The district court specifically concluded that Contreras had failed to establish that his appellate counsel was ineffective. The district court also noted that the attorney who signed Contreras' § 2255 motion – the same attorney who pursued Contreras' failed direct appeal – had not been admitted to practice before the federal district court and had not entered an appearance in the § 2255 action. Contreras did not appeal the denial of his § 2255 motion.

On December 20, 2005, almost two years after the district court denied his § 2255 motion, Contreras, through new counsel, filed a motion in this court to reinstate his direct appeal pursuant to Tenth Circuit Rule 42.2. Contreras contended that his failure to file an opening brief in his direct appeal, and his filing of a § 2255 motion before seeking to reinstate his direct appeal, were both the result of the ineffective assistance of his original appellate counsel. Contreras also tendered an opening brief with the motion to reinstate his direct appeal. We provisionally granted the motion to reinstate Contreras' direct appeal subject to reconsideration by the merits panel and ordered both Contreras and the United States to file supplemental briefing to address our authority to reinstate the direct

3

appeal.

III.

Before we can reach the merits of Contreras' direct appeal, we must resolve the threshold question of whether we should reinstate his direct appeal. Contreras argues that we should reinstate his direct appeal because the dismissal of his direct appeal was the result of his original appellate attorney's ineffectiveness and deceit. Specifically, Contreras argues that his direct appeal was dismissed because his original appellate attorney failed to prosecute it. Contreras further asserts that the original appellate attorney represented that he would file a motion to reinstate the direct appeal following our dismissal for failure to prosecute, but failed to do so. Finally, Contreras maintains that his original appellate attorney was again ineffective by filing a § 2255 motion rather than seeking reinstatement of his direct appeal. In sum, Contreras argues that, if we fail to reinstate his direct appeal we would violate his right to pursue a direct appeal, and thereby effectively punish him for his counsel's ineffectiveness.

A dismissal for failure to prosecute and reinstatement of an appeal following such a dismissal are governed by Tenth Circuit Rules 42.1 and 42.2. Those rules provide:

> 42.1 Dismissal for failure to prosecute. When an appellant fails to comply with the Federal Rules of Appellate Procedure or these rules, the clerk will notify the appellant that the appeal may be dismissed for failure to prosecute unless the failure to comply is remedied within a designated time. If the appellant fails to comply within that time, the clerk will enter an order dismissing the appeal and issue a certified copy of that order as the mandate. The appellant may not remedy the failure to comply after the appeal is dismissed, unless the court orders otherwise.

4

42.2 Reinstatement. A motion to reinstate an appeal dismissed for failure to prosecute may not be filed unless the failure is remedied or the remedy for the failure accompanies the motion.

These rules recognize this court's inherent authority to manage our docket "so as to achieve the orderly and expeditious disposition of cases." Cf. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). In United States v. Winterhalder, 724 F.2d 109 (10th Cir. 1983) (per curiam), we explained the proper procedure for a criminal defendant seeking reinstatement of a direct appeal following dismissal for failure to prosecute and emphasized that a § 2255 motion is not a proper substitute:

> [T]he power to reinstate an appeal previously dismissed for failure to prosecute lies with the court of appeals, not the district court.
>
> 28 U.S.C. § 2255 is not the proper vehicle for the reinstatement of an appeal which has been dismissed by this court for failure to prosecute. We agree with the position of the Ninth Circuit that, "if an appeal is improvidently dismissed in this court, the remedy is by way of a motion directed to this court asking for a recall of the mandate or certified judgment so that this court may determine whether the appeal should be reinstated."

Id. at 111 (citations omitted).

We discern two conflicting interests in this case that warrant our consideration in deciding whether to grant Contreras' motion to reinstate his appeal. The first interest is the criminal defendant's right to file a direct appeal of his conviction and sentence and his right to effective assistance of counsel on direct appeal. See Coppedge v. United States, 369 U.S. 438, 441 (1962) ("Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right."); Abels v. Kaiser, 913 F.2d 821, 822 (10th Cir. 1990) ("[T]here is no difference between

5

the standards applied to retained versus appointed counsel in assessing whether a defendant's constitutional right to competent counsel has been violated. In either event, a defendant is entitled to effective counsel on appeal."). The two rights are closely related, for "the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits." Evitts v. Lucey, 469 U.S. 387, 393 (1985) (citation omitted).

Contreras' right to file a direct appeal and right to effective appellate counsel weigh in favor of granting his motion to reinstate his direct appeal. Contreras' direct appeal was never litigated on the merits because his counsel failed to file an opening brief. Further, there is evidence supporting Contreras' claim that this same counsel misled Contreras into thinking that a motion to reinstate had been filed in the months that followed the dismissal of the direct appeal. For instance, his original appellate attorney stated in a letter to Contreras in January 2003 that he had "placed on our calendar the date of June 20, 2003, as a deadline for filing any petition for writ of habeas corpus should the Court of Appeal deny any reinstatement of your appeal. I would anticipate that such a petition will be necessary in your case." Mot. to Reinstate Appeal, Ex. D. Although the letter did not directly state that Contreras' original appellate attorney had filed a motion to reinstate the direct appeal, the clear import of the letter is that counsel had filed such a motion. Further, Contreras' § 2255 motion stated that he had sought permission to file a late appeal. Mot. Pursuant to 28 U.S.C. § 2255 at 2. As we recognized in Winterhalder, ineffective assistance of appellate counsel leading to the dismissal of a direct appeal for

6

failure to prosecute, coupled with the misrepresentations of appellate counsel to his client that the appeal was being prosecuted, can justify the reinstatement of a direct appeal. 724 F.2d at 110-12.

A competing interest we must also consider is "'the profound interests in repose' attaching to the mandate of a court of appeals," such as the mandate this court issued in this case following the dismissal of the direct appeal. Calderon v. Thompson, 523 U.S. 538, 550 (1998) (citation omitted). As the Supreme Court has described the "inherent power" of courts to recall a mandate, it is a power to be used sparingly, "to be held in reserve against grave, unforeseen contingencies." Id. (citation omitted). We have said in the civil context that "[t]he limited nature of this power is a reflection of the importance of finality: once parties are afforded a full and fair opportunity to litigate, the controversy must come to an end and courts must be able to clear their dockets of decided cases." Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1522 (10th Cir. 1997). The interest in finality weighs against Contreras. Forty-two months elapsed between the issuance of the mandate in his direct appeal and Contreras' filing of the motion to reinstate his direct appeal. Twenty-three of those months elapsed between the denial of his § 2255 motion and the filing of the motion to reinstate. At the same time, the weight of the interest in finality in this case is lessened by the fact that Contreras' direct appeal was never litigated on the merits, although two of the three claims that Contreras now seeks to raise on direct appeal were ruled upon when the district court

7

denied his § 2255 motion.[2]

After considering and weighing the competing interests involved, we conclude that the proper course is to deny Contreras' motion to reinstate his direct appeal. In his § 2255 motion, Contreras asserted that his appellate counsel was ineffective. The district court rejected this claim and denied his § 2255 motion.[3] Contreras then failed to appeal the denial of his § 2255 motion, including the denial of his ineffective assistance of appellate counsel claim. The presently pending motion to reinstate necessarily involves our revisiting the same claim. To permit reinstatement, we would have to conclude Contreras' appellate counsel was ineffective and that the district court erred in concluding otherwise. However, the time for appealing the § 2255 ruling has long passed and

_____

[2] In the opening brief that he tendered with his motion to reinstate his direct appeal, Contreras essentially makes three arguments. First, he asserts that the district court erroneously admitted the hearsay testimony of his co-conspirators at trial, but the district court's § 2255 order concluded that the hearsay testimony had been properly admitted. Dist. Ct. § 2255 Order at 5-6. Second, Contreras contends that the district court, prior to enhancing his sentence pursuant to 21 U.S.C. § 841(b) for being convicted of distributing 500 grams or more of methamphetamine and having two prior felony drug convictions, failed to engage in the requisite colloquy with Contreras informing him "that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). In his § 2255 motion, Contreras, however, raised whether the trial court had given proper notice as to the consequences of Contreras' failure to object to the use of his prior convictions in enhancing his sentence, and the district court ruled against Contreras as to this objection in the § 2255 proceeding. Dist. Ct. § 2255 Order at 6-7. The only argument that Contreras makes in his tendered brief that the district court did not consider in the § 2255 proceeding is Contreras' claim that § 851 violates the Fifth and Sixth Amendments.

[3] As regards the ineffectiveness of appellate counsel claim, the district court concluded Contreras had failed to establish that any of his proposed appellate issues were meritorious. Therefore, the court concluded his appellate counsel was not ineffective in failing to pursue them.

Contreras offers no explanation of his failure to appeal the denial of his § 2255 motion. See Fed. R. App. P. 4(a)(1)(B) (requiring a notice of appeal to be filed within sixty days after the judgment or order appealed from is entered when the United States is a party); Rule 11 of the Rules Governing § 2255 Proceedings (aligning the time to appeal a § 2255 order with the deadlines in Rule 4(a)). Contreras' silence as to the twenty-three month gap between the denial of his § 2255 motion and his filing of the motion to reinstate is especially striking given that (1) the district court specifically rejected Contreras' ineffective appellate counsel claim, thereby leaving Contreras with the option of either accepting the district court's ruling or challenging it on appeal; and (2) the district court's order further informed Contreras that his original appellate attorney was not licensed to appear in the local federal district court.

As Contreras concedes, the district court's denial of his § 2255 motion and his subsequent failure to appeal the denial of his § 2255 motion distinguishes this case from Winterhalder. See 724 F.2d at 110-12. In Winterhalder, we reviewed a district court's partial grant of the defendant's § 2255 motion and order allowing the defendant to file an out-of-time appeal because his counsel had failed to prosecute his direct appeal. Id. Although we held that a district court has no jurisdiction to revive a direct appeal through a § 2255 motion, we agreed with the district court's conclusion that the defendant's appellate counsel had been ineffective and we permitted the defendant to reinstate his direct appeal. Id. at 111-12. Unlike Winterhalder, however, we have no finding by the district court that Contreras' appellate counsel was ineffective. In fact, we have just the

9

opposite.  Here, the district court concluded Contreras' appellate counsel was not

ineffective, and Contreras failed to timely appeal that ruling.[4]

IV.

Contreras' motion to reinstate his direct appeal is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[4] For the same reason, Allen v. United States, 938 F.2d 664 (6th Cir. 1991), is distinguishable.  Allen's direct appeal was dismissed for failure to prosecute.  Id. at 665. After Allen moved for relief from his sentence under § 2255, the district court ruled that Allen should be allowed to file an out-of-time appeal of his conviction due to ineffectiveness of appellate counsel.  Id.  The Sixth Circuit dismissed the appeal because the district court lacked authority to grant an out-of-time appeal.  Id.  The district court then denied Allen's second § 2255 motion, which asked for his sentence to be vacated and reimposed so that he could file a timely new appeal.  Id.  The Sixth Circuit affirmed, but also granted Allen's motion to reinstate his direct appeal because of the ineffectiveness of his original appellate counsel.  Id. at 666.  Like Winterhalder, a district court had already found that the defendant's original appellate counsel had been ineffective and the defendant had appealed the adverse § 2255 ruling.