ORDER AND JUDGMENT *
PER CURIAM.
Jose DeJesus Fernandez filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence arguing, inter alia, he received ineffective assistance of counsel when his attorney failed to file a petition for writ of certiorari with the United States Supreme Court as he had requested. The district court denied Fernandez’s § 2255 motion and denied his request for a certificate of appealability (COA).
We issued a COA on two issues— “whether Fernandez is required to demonstrate prejudice to succeed on his claims and, if so, whether he has made the required showing,” and then appointed counsel to assist him. See 18 U.S.C. § 3006A. He now claims entitlement to extraordinary relief — recall of the mandate in an earlier merits appeal. We affirm.
I. BACKGROUND
Fernandez was convicted by a jury on federal drug charges involving a conspiracy to traffic methamphetamine. The United States Probation Office prepared a Pre-sentence Report (PSR), which applied a four-level enhancement to Fernandez’s base offense level for his role as an orga-nizerfieader of a conspiracy involving more than five people. With this enhancement, the sentencing guideline range was 235 to 293 months imprisonment. The court sentenced him to 264 months, explaining “[a] sentence in the middle of the guideline range is appropriate, given the fact that with the adjustment for leader/organizer there are no other aggravating or mitigating circumstances for a crime of this type.” (Appellee’s Br., Attach, 2 at 4.)
Fernandez appealed, challenging both his conviction and sentence. Among other arguments, he asserted the trial court erred in applying the four-level leader/organizer enhancement. On December 8, 2003, we affirmed his conviction and sentence, specifically upholding the leader/organizer enhancement. United States v. Fernandez, 82 Fed.Appx. 656, 661-62 (10th Cir.2003) (unpublished) (Fernandez I). He did not file a petition for writ of certio-rari with the Supreme Court so his conviction became final when his time to file expired, at the latest, May 6, 2004.[1] See Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).
*435 On December 9, 2004, Fernandez filed this 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence arguing, inter alia, his attorney, Frank Lockhart, was ineffective for failing to follow his instruction to petition for a writ of certiorari.[2] He argued Lockhart’s ineffectiveness violated the Sixth Amendment and the Criminal Justice Act (CJA) and claimed prejudice because he lost the potential benefit of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be found by a jury). In support of his motion, he attached a declaration “under penalty of perjury” in which he stated he “repeatedly requested [his attorney] to file my certio-rari to the Supreme Court, which he never did.” (R. Vol. I at 68.) He stated he “had another inmate file an extension of time to the high court,” but was unable to secure similar assistance to prepare and file a timely petition. (Id.) In response, the government submitted an affidavit in which Lockhart stated he “kept in touch through letters with Mr. Fernandez after the Tenth Circuit decision and Mr. Fernandez never requested that [he] file a Petition for Cer-tiorari.” (Id. at 89.)
The district court did not hold an evi-dentiary hearing to resolve the factual dispute. Instead it decided Lockhart’s performance could not have been deficient because “the Supreme Court has held that defendants have no right to counsel to pursue discretionary review.” (Id.) It rejected Fernandez’s argument that he was prejudiced by losing the benefit of Blakely because his conviction became final on March 7, 2004,[3] and Blakely was not decided until June 24, 2004. The court did not address Fernandez’s claim that his attorney’s alleged ineffective assistance violated the CJA.[4]
*436 The court denied Fernandez’s request for a COA but permitted him to proceed in forma pauperis (ifp) on appeal. We granted the limited COA mentioned earlier.[5]
II. DISCUSSION
Indigent defendants do not have a constitutional right to counsel to pursue discretionary review. See Austin v. United States, 513 U.S. 5, 8, 115 S.Ct. 380, 130 L.Ed.2d 219 (1994). Because a defendant does not have a constitutional right to counsel on discretionary appeals, Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), counsel’s performance cannot be deemed constitutionally deficient for a failure to petition the Supreme Court for certiorari review. See Wainwright v. Torna, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); see also Nichols v. United States, 563 F.3d 240, 251 (6th Cir.2009); Steele v. United States, 518 F.3d 986, 988 (8th Cir.2008). Fernandez has no legitimate claim under § 2255. See Brown v. United States, 34 F.3d 990, 991 (10th Cir.1994) (“Section 2255 is available to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice.”).
Fernandez claims we should recall the mandate in Fernandez I because his counsel, Lockhart, did not comply with the requirements of the Tenth Circuit’s CJA plan[6] and he was prejudiced thereby. Our *437 power to recall a mandate “is limited and should be exercised only in extraordinary circumstances.” Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah, 114 F.3d 1513, 1522 (10th Cir.1997); see also United States v. Contreras, 224 Fed.Appx. 862, 865 (10th Cir.2007) (unpublished). The circumstances presented here are not extraordinary because Fernandez cannot demonstrate prejudice. Even in the unlikely event that the Supreme Court would grant a certiorari petition to decide the constitutionality of the federal sentencing guidelines when the petitioner had not preserved the issue in the trial court, it would be pure speculation to believe that he would have ultimately received any relief despite his failure to preserve the issue.
AFFIRMED.

 Oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.
This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R.App. 32.1. it is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation — (unpublished). Id.

. Fernandez had 90 days from our decision to file a petition for writ of certiorari. See S.Ct. R. 13(1). Fernandez claims he obtained an extension of time in which to file his petition. The record does not indicate the length of the extension, if any. It could have been, at most, *435 60 days. See S.Ct. R. 13(5) ("For good cause, a Justice may extend the time to file a petition for writ of certiorari for a period not exceeding 60 days.”). If he did not obtain an extension, his time to file expired on March 7, 2004. If he obtained a 60-day extension, his time to file expired on May 6, 2004.

. Fernandez raised three additional claims for relief: (1) trial counsel rendered ineffective assistance by failing to discuss with him the option of pleading guilty and the advantage he could have received — a three-level reduction in his offense level — for acceptance of responsibility; (2) trial counsel rendered ineffective assistance by failing to move for a two-point reduction in his base offense level pursuant to USSG § 5K2.0(a)(l) on account of the more onerous conditions to which aliens are subjected in prison; and (3) the sentence imposed was unconstitutional under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. This calculation may be incorrect. If Fernandez received a 60-day extension of the time period to apply for a writ of certiorari (as he claims), then his conviction did not become final until May 6, 2004. See supra n. 1. It does not matter as both predate the Blakely decision.

.The court also rejected Fernandez's other arguments. As to his first argument, it concluded he failed to show trial counsel's performance was deficient because "counsel adequately advised Fernandez of his plea options” and he failed to show he was prejudiced because he could not demonstrate he would have received a reduction for acceptance of responsibility if he had pled guilty. (R. Vol. I at 108.) As to his second argument, the court determined Fernandez "failed to show a reasonable probability that he would have received a lesser sentence” if trial counsel had moved for a two-point reduction in his base offense level pursuant to USSG § 5K2.0(a)(l) based on his alien status. (Id. at 110.) It noted this Court has never held the status of "deportable alien” is a permissible basis for a downward departure. Even if it were a permissible basis for a downward departure, the court concluded the prejudice Fernandez claimed was "entirely speculative.” (Id.) Finally, it reject *436 ed Fernandez’s challenge to his sentence under Blakely and Booker because this Court has held neither Blakely nor Booker apply retroactively to a federal defendant on collateral review. See United States v. Bellamy, 411 F.3d 1182, 1186-87 (10th Cir.2005).

. We did not grant a COA on Fernandez’s other claims because he did not ”ma[ke] a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). Fernandez argued the district court erred in resolving without an evidentiary hearing his claim that his trial counsel was ineffective for failing to discuss with him the option of pleading guilty. A court need not hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.” 28 U.S.C. § 2255(b). The court reviewed the motion and files and records of the case and determined no evidentiary hearing was required. We see no abuse of discretion. See United States v. Lopez, 100 F.3d 113, 119 (10th Cir.1996) (we consider "whether the district court's denial of an evidentiary hearing was an abuse of discretion”).
Relying on United States v. Guzman, Fernandez argues the district court erred in resolving his claim that his trial counsel was ineffective for failing to move for a reduction in his base offense level pursuant to USSG § 5K2.0(a)(1). 236 F.3d 830 (7th Cir.2001). The Guzman court noted that in the Seventh Circuit, the fact a defendant is a deportable alien is "a permissible basis, in exceptional circumstances, for a downward departure” to the extent the defendant’s alien status results in "conditions of confinement, or other incidents of punishment, that are substantially more onerous than the framers of the guidelines contemplated in fixing the punishment range for the defendant's offense.” Id. at 834. We have rejected a similar argument in an unpublished decision. See United States v. Acevedo, 7 Fed.Appx. 850, 851 (10th Cir.2001) (unpublished). Even if it were a permissible basis for a downward departure, we agree with the district court that the prejudice Fernandez claims is "entirely speculative.” (R. Vol. I at 110.)
We also agree with the district court that Fernandez’s sentence does not violate Blakely and Booker because those decisions do not have retroactive effect on collateral review. See Bellamy, 411 F.3d at 1186-87. Fernandez could benefit from Blakely and Booker only if we recall the mandate to allow him to file a belated petition for writ of certiorari.

. The CJA Plan for the Tenth Circuit states in full:
Counsel must file a petition for a writ of certiorari if the client requests that such a review be sought, and, in counsel's considered judgment, there are grounds for seek *437 ing Supreme Court review that are not frivolous and are consistent with the standards for filing a petition contained in the Rules of the Supreme Court and applicable case law. If, on the other hand, the client requests that counsel file a petition for a writ of certiorari and, in counsel's considered judgment, there are no such grounds for seeking Supreme Court review that are non-frivolous and for filing a petition as defined in the Rules of the Supreme Court and applicable case law, counsel should promptly so advise the client and submit to this court a written motion for leave to withdraw from the representation after the entry of judgment.
10th Cir. Rules, Addendum I, Part VI (emphasis added).