Joseph Kenneth **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 17794.

United States Court of Appeals
Ninth Circuit.

Aug. 31, 1962.

Robert J. McNichols, Spokane, Wash., for appellant.

Frank R. Freeman, U. S. Atty., and Patrick H. Shelledy, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before BARNES, HAMLEY and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

Joseph Kenneth Williams appeals from an order denying a motion, made under 28 U.S.C. § 2255, to set aside concur-

rent sentences imposed by a court of the United States. The sentences were imposed on April 28, 1960, following Williams' conviction, after a jury trial, on charges growing out of a bank robbery at Fairchild Air Force Base, near Spokane, Washington, on December 3, 1959. Two of the concurrent sentences were for twenty years and the third was for five years.

Appellant specifies as error the failure of the district court to grant him a hearing before disposing of his motion.

A district court hearing on any such motion must be held "(u)nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *" 28 U.S.C. § 2255. Tweedy v. United States, 9 Cir., 276 F.2d 649, 652.

The district court held, in effect, that such a conclusive showing was made in this case because the questions which Williams sought to raise could not be determined in a section 2255 proceeding.

We agree. The sole basis of the motion was that, by reason of an unlawful search of his apartment, articles were then or thereafter seized which were either introduced in evidence against him at the trial, or were made use of by law enforcement officers in obtaining other evidence which was introduced against him.

Questions concerning the admissibility of evidence obtained directly or indirectly as a result of an unlawful search can be reviewed on an appeal from a judgment of conviction, but cannot be dealt with in a section 2255 proceeding. Eberhart v. United States, 9 Cir., 262 F.2d 421.

Williams did institute an appeal from the judgment of conviction, and sentences, entered on April 28, 1960. But, although Williams was at all times represented by counsel, the notice of appeal was not filed in the district court until May 26, 1960. The United States thereafter moved in this court for dismissal of the appeal (Misc. No. 1077), on the ground that the notice of appeal was not filed within ten days after entry of the judgment of conviction, as required by Rule 37(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A.

After this motion was calendared for argument, Carl Maxey, one of Williams' then counsel, wrote to the clerk of this court, stating:

"Please be advised that I will not attend the arguments in the above-entitled matter and, for the record, I have been instructed to not take any steps to effectuate an appeal in this matter."

On October 10, 1960, another panel of this court entered an order dismissing the appeal.

It is contended for appellant in the instant proceeding that the district court should have held a hearing to enable him to present evidence excusatory of his failure to file a timely notice of appeal. On the basis of the evidence which would have been presented, it is urged, the trial court should have set aside the judgment of conviction and sentences, granted appellant's motion that a transcript of the preliminary and trial proceedings be supplied at government expense, and permitted him to perfect an appeal on the merits.

Indicating the character of the evidence which Williams would have produced had a hearing been accorded with regard to the timeliness of the appeal, Williams alleged:

"At all times after his conviction in the trial court, petitioner desired to appeal to a higher court from the judgment and sentence against him, but he had no knowledge of the ten-day time limitation in which it was necessary to file his Notice of Appeal. At his trial he was represented, and well represented, by his then counsel, and petitioner feels his attorney's conduct before and after the trial and until judgment was more than adequate. He would have chosen to continue to have that at-

torney's competent services. However, he felt that attorney's duties ceased, as was agreed between himself, the attorney and petitioner's parents, who were paying the fee, when judgment was entered. The petitioner was without funds to proceed further."

The occasion when appellant should have argued that he be excused from a late filing of his notice of appeal was when the motion to dismiss the appeal was pending in this court. He did not do so and, in fact, advised the court, through his attorney, that he was abandoning his appeal.

Failure to file a timely notice of appeal, whether or not excusable, is not one of the grounds upon which a judgment and sentence may be set aside under section 2255. Moreover, appellant's asserted purpose in having the judgment and sentence set aside—to permit him to appeal therefrom—could not be achieved because there would then be no judgment and sentence from which to appeal.

Nor can a section 2255 proceeding be utilized as a method of reviewing the action of this court in dismissing an appeal. If an appeal is improvidently dismissed in this court the remedy is by way of a motion directed to this court asking for a recall of the mandate or certified judgment so that this court may determine whether the appeal should be reinstated. The recall of the mandate or certified judgment for such a purpose is entirely discretionary with this court.

In this connection we point out that the dismissal of the appeal was warranted on the ground that it was voluntarily abandoned, whatever excuse Williams may have had for a late filing of the notice of appeal.

We conclude that the district court did not err in disposing of the section 2255 motion without granting a hearing thereon. Since this holding is based on the view that the motion and files and

records of the case conclusively show that Williams is entitled to no relief, it is necessarily dispositive of appellant's remaining specifications of error.

The judgment is affirmed.