**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Simon Castorena SOTELO,
Defendant–Appellant.**

**Nos. 89–10208, 89–10209.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 1990 \*.

Decided June 29, 1990.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.

## ORDER

Defendant, Simon Castorena Sotelo, appeals from the district court's denial of his motions to reduce sentence. We do not address the merits of his appeals, because the matters must be remanded to the district court for a finding regarding excusable neglect under Fed.R.App.P. 4(b).

## FACTS

Sotelo was indicted in *United States v. Simon Castorena Sotelo, et al.,* No. CR 87–597 CAL (the "Distribution Case") and *United States v. Alvaro Julio Echavarria Olarte, et al.,* No. CR 87–598 CAL (the "Importation Case"). On August 31, 1988, Sotelo pleaded guilty to one count of con- spiracy to import cocaine and one count of structuring bank transactions in the Impor- tation Case and one count of possession with intent to distribute 500 or more grams of cocaine and one count of possession with intent to distribute over five kilograms of cocaine in the Distribution Case. Sotelo was sentenced on September 28, 1988.

Sotelo filed motions to correct and reduce sentence on January 26, 1988, within the 120–day period for filing of motions under the version of Fed.R.Crim.P. 35(b) applica- ble to these cases.[1] In an order filed March 23, 1989, the district court granted the motion to correct the judgment in the Distribution Case, but denied the motion to reduce sentence in both cases. An amend- ed judgment was filed in the Distribution Case on March 24, 1989.

On April 11, 1989, the court filed an order in both cases extending the time for appeal. The court observed that it had issued an order on the Fed.R.Crim.P. 35(b) motions and judgment. It stated: "Both documents were filed March 23, 1989, but counsel of record KENT A. RUSSELL was not notified of either the order or judgment until a time more than ten days after fil- ing." The court ordered that the time for appeal would not run until 10 days from the date of entry of the order extending time and receipt by defense counsel. So- telo filed his notices of appeal on April 24, 1989.

## DISCUSSION

The district court had jurisdiction under 18 U.S.C. § 3231. Fed.R.App.P. 4(b) pro- vides 10 days from the entry of judgment for a notice of appeal to be filed. The rule also provides that, "Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the

---

1. That version stated, in relevant part: "A mo- tion to reduce a sentence may be made ... within 120 days after the sentence is im- posed.... The court shall determine the mo- tion within a reasonable time."

expiration of the time otherwise prescribed by this subsection." Fed.R.App.P. 4(b).

Sotelo did not file a notice of appeal within the ten-day period. For the Fed.R. App.P. 4(b) extension to apply, the district court must make a finding of excusable neglect. *United States v. Stolarz,* 547 F.2d 108, 111 (9th Cir.1976). The district court's order extending time for appeal did not state that the late filing of Sotelo's notice of appeal was due to excusable neglect. Fed.R.App.P. 4(b). In fact, the court did not even refer to Fed.R.App.P. 4(b). Moreover, we have searched the record and find no other documents which show why Sotelo did not file a timely notice of appeal within the ten-day period.

Because there is no indication of why an extension of time was warranted, this court will retain jurisdiction over these appeals and postpone ruling on whether the appeals were timely. *See United States v. Mortensen,* 860 F.2d 948, 949 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989). Therefore, these cases are REMANDED for a ruling on the issue of excusable neglect. ·