968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David AGOSTO, Plaintiff-Appellant,
v.
William J. RIFLEY and Lola K. Rifley, Defendants-Appellees.
 No. 91-15709.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided July 21, 1992.
 
 Before ALARCON, CYNTHIA HOLCOMB HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant David Agosto appeals pro se the district court's dismissal of his negligence action against appellees William and Lola Rifley. Agosto claims that on September 11, 1987, he sustained injuries on the Rifleys' property when he tripped on a defect in the floor. On September 25, 1990, he filed his negligence action, after the applicable two year statute of limitations period had run. A.R.S. § 12-542. The district court rejected Agosto's claim that fraudulent concealment of the Rifleys' ownership had tolled the statute of limitations, because Agosto did not claim that they had made any misrepresentation and their ownership was a matter of public record.
 
 
 3
 An appellant in a civil case must file a notice of appeal within thirty days of the entry of the judgment appealed from. Fed.R.App.P. 4(a)(1). This time limit is jurisdictional. Miller v. Sumner, 872 F.2d 287, 288 (9th Cir.1989). It is undisputed that Agosto's notice of appeal was filed one day after the thirty day deadline, on April 23, 1991. Rule 4(a)(5), however, provides:
 
 
 4
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time....
 
 
 5
 Fed.R.App.P. 4(a)(5). If granted the thirty day extension, Agosto's notice would be deemed timely.
 
 
 6
 Agosto did not file his motion for an extension within the thirty day limit prescribed by Rule 4(a)(5), but waited until July 1, 1991, a full 101 days after entry of judgment. Nonetheless, this court has previously held that when an appellant files an untimely notice of appeal that falls within the thirty day extension period, and subsequently files a motion for an extension after the extension period has lapsed, the district court's subsequent order granting an extension of time operates nunc pro tunc to validate the notice of appeal. Salazar v. San Francisco Bay Area Rapid Trans Dist., 538 F.2d 269, 270 (9th Cir.1976).
 
 
 7
 The district court below did not grant Agosto's motion for extension. Instead, in the course of denying a motion to dismiss the appeal on another ground, the district court sua sponte issued an order "construing plaintiff's Notice of Appeal as timely," and subsequently denied Agosto's motion for an extension of time as moot because of the order construing the appeal as timely. We do not construe acceptance of an untimely notice of appeal as a grant of an extension by the district court. Cel-A-Pak v. California Agricultural Labor Relations Board, 680 F.2d 664, 666 (9th Cir.1982). Nor, in this jurisdictional matter, can we bypass the requirement of Rule 4(b) for a showing of excusable neglect as a condition of granting an extension. United States v. Stolarz, 547 F.2d 108, 111 (9th Cir.1976). For an extension to be permissible under Rule 4(b), the district court "must make a finding of excusable neglect." United States v. Sotelo, 907 F.2d 102, 104 (9th Cir.1990). No such finding was made, so the extension could not properly be granted.
 
 
 8
 If there were a genuine possibility of a finding of excusable neglect, we would remand for a finding. Cf. Sotelo, Stolarz. A remand is unnecessary, though, in this case, because Agosto made his showing of cause in response to this court's earlier order to show cause, and as a matter of law, he does not show excusable neglect. His showing is that he mailed his notice from New Mexico Friday, April 19, yet because of "the unexplainable delay in delivery by the U.S. Postal Service" it was delivered in Phoenix Tuesday April 23 instead of Monday, April 22, 1991, when it was due. His expectation, that he could mail his notice Friday and have it filed Monday, was a reasonable gamble, but not something he could count on. He evidently did not use express mail, a private delivery service which would guarantee next business day delivery, or mail his notice earlier in the week. In this circuit, the standard for excusable neglect is "strict," and allows the extension of time for filing notice of appeal only where extraordinary circumstances prevent timely filing and injustice would result from dismissing the appeal. Pratt v. McCarthy, 850 F.2d 590, 593 (9th Cir.1988). Agosto cannot satisfy either the extraordinary circumstances or the resulting injustice requirement for excusable neglect.
 
 Rule 38 Sanctions
 
 9
 The Rifleys do not cross-appeal, so the trial court's denial of Rule 11 sanctions is not before us. The Rifleys argue for damages and double costs against Agosto pursuant to Fed.R.App.P. 38. The Rifleys' request for sanctions is denied.
 
 
 10
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3