**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Percy James PEARCE, Defendant– Appellant.**

**Nos. 91–10584, 92–10047.**

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 1993.*

Decided May 12, 1993.

---

5. Hernandez–Martinez and the couple's Mexican citizen child are now eligible for legalization under § 244A of the Act.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

David E. Mugridge, Fresno, CA, for defendant-appellant.

Kenneth J. Melikian, Asst. U.S. Atty., Fresno, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, FARRIS and BRUNETTI, Circuit Judges.

### ORDER

In appeal No. 91–10584, Percy James Pearce appeals from his conviction following his guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d). He contends that the district court erred by denying his motion to withdraw his plea. The government contends that we lack jurisdiction to consider this appeal. We remand.

### I.

Pearce pled guilty on December 30, 1980. On January 19, 1981, the district court denied his motion to withdraw the guilty plea and sentenced Pearce to 25 years imprisonment. On April 9, 1981, Pearce filed a Fed. R.Crim.P. 35 motion, which the district court denied. Pearce filed a 28 U.S.C. § 2255 motion on November 7, 1985. The district court denied the § 2255 motion on February 27, 1986, and Pearce's appeal from that denial was dismissed as untimely on August 13, 1986.

On September 8, 1987, Pearce filed a second § 2255 motion, contending that he was denied effective assistance of counsel when his attorney failed to file a direct appeal from the denial of his motion to withdraw the guilty plea. The district court erroneously denied this § 2255 motion on the ground that Pearce pled guilty and therefore was ineligible to appeal his conviction. We reversed and remanded for further proceedings. *United States v. Pearce*, 884 F.2d 1396 (9th Cir.1989).

The district court reconsidered Pearce's § 2255 motion on remand on October 3, 1991. The court ordered that Pearce "be allowed to appeal the Court's denial of his motion to withdraw his guilty plea." On October 7, 1991, Pearce filed a notice of appeal from the 1981 judgment of conviction.

### II.

We have held that collateral attack under § 2255 is the proper avenue for a defendant to claim that he was denied the right to a direct appeal as the result of constitutionally inadequate counsel. *United States v. Avendano–Camacho*, 786 F.2d 1392, 1395 (9th Cir. 1986). We have not, however, described the remedy or remedies that may be ordered by a district court under § 2255 where a defendant succeeds on such a claim. *Id.*

Some courts of appeal permit the successful defendant to file an out-of-time direct appeal. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir.1989) (citing *Mack v. Smith*, 659 F.2d 23, 25 (5th Cir.1981) (per curiam)); *United States v. DeFalco*, 644 F.2d 132, 137 (3d Cir.1979). This is not to say, however, that a *district court* may order an out-of-time appeal. A district court does not possess the authority to issue such an order. *See United States v. Winterhalder*, 724 F.2d 109, 111 (10th Cir.1983) (district court lacks authority under § 2255 to create appellate

jurisdiction by allowing defendant to file notice of appeal where court of appeals previously had dismissed defendant's appeal) (citing *Williams v. United States,* 307 F.2d 366 (9th Cir.1962)).

In *Williams,* the defendant sought to use § 2255 to reinstate an appeal that we previously had denied. We held that "[i]f an appeal is improvidently dismissed in this court the remedy is by way of a motion directed to this court asking for a recall of the mandate or certified judgment so that this court may determine whether the appeal should be reinstated." *Williams,* 307 F.2d at 368. Unlike the defendant in *Williams,* Pearce has not had his appeal dismissed by a court of appeals. In fact, Pearce claims that he unconstitutionally was denied the opportunity to bring his case to an appellate court. There is no mandate for us to recall; the procedure prescribed in *Williams* is inapplicable.

### III.

■ We adopt the approach of the Seventh Circuit, wherein a district court is permitted to vacate and reenter the judgment of conviction, thereby "allowing a fresh appeal." *Page v. United States,* 884 F.2d 300, 302 (7th Cir.1989). This approach has the virtue of providing the defendant an effective remedy for his § 2255 claim, without requiring the district court to act outside its authority.

We remand with instructions to the district court to vacate and reenter the judgment of conviction of January 19, 1981, so that Pearce may file timely a notice of appeal.

### IV.

In No. 92–10047, Pearce appeals from the district court's order denying his motion for release pending appeal. We dismiss this appeal as moot because Pearce has filed a bail motion.

Appeal No. 91–10584 is vacated and remanded with instructions to the district court to vacate and reenter the judgment of convic-

tion. Appeal No. 92–10047 is dismissed as moot.