**Zoltan Attila BIRO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 93–35523.**

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 1994.*

Decided May 19, 1994.

Zoltan Attila Biro, in pro. per.

Francis J. Diskin, Asst. U.S. Atty., Seattle, WA, for respondent-appellee.

Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.

Opinion by Judge BRUNETTI

34(a); Ninth Circuit Rule 3(f).

BRUNETTI, Circuit Judge:

Federal prisoner Zoltan Attila Biro ("Biro") appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence which the district court imposed following his plea of guilty to conspiracy to distribute cocaine and distribution of cocaine. We address only Biro's claim that the district court erred in not advising him of his right to appeal his sentence. We discuss his remaining claims in an unpublished memorandum decision.

## FACTS AND PRIOR PROCEEDINGS

Biro was charged with conspiring to distribute cocaine, distributing cocaine during 1987, and distributing cocaine during 1988. Prior to trial, he entered into a plea agreement requiring him to plead guilty to all three counts, forfeit drug-related proceeds, and cooperate with the authorities.

In return, the government agreed not to pursue any other drug charges. Pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), the parties also agreed that the appropriate disposition of the case would be a range of 151 to 235 months imprisonment. To enable the court to sentence within that range, and in recognition of Biro's assistance to the government's investigation, the government agreed to file a § 5K1.1 motion.[1]

On February 18, 1992, Biro pleaded guilty, and the court set sentencing for June 12, 1992. The Presentence Report determined that Biro's guideline range was 188 to 235 months. The government filed its § 5K1.1 motion and recommended a sentence between the low end and mid-point of the agreed sentencing range. The district court sentenced Biro to 170 months imprisonment and five years supervised release and assessed a $150 fine.

Biro filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court summarily dismissed in part and denied in part Biro's motion. He appeals.

## DISCUSSION

Federal Rule of Criminal Procedure 32(a)(2) requires the sentencing court, in the case of a guilty plea, to advise the defendant of any right to appeal the sentence.[2] Since the district court did not so advise Biro, we grant Biro's petition and remand for resentencing with notice of the right to appeal the sentence.

Biro observes correctly that the sentencing transcript shows that the district court did not advise him of his right to appeal the sentence. He argues that we must vacate his sentence and remand to the district court for resentencing with notice of his right to appeal. *See United States v. Butler*, 938 F.2d 702, 703 (6th Cir.1991) (citing *United States v. Smith*, 387 F.2d 268 (6th Cir.1967)).

In *Marrow v. United States*, 772 F.2d 525, 528–529 (9th Cir.1985), the defendant claimed that his attorney's representation was ineffective because his attorney had failed to advise him of his right to appeal. We discussed the trial judge's duty under Rule 32(a)(2) to advise the defendant of his right to appeal following a guilty plea as that duty related to the obligation of the defendant's attorney. We concluded that Congress intended Rule 32(a)(2) to have its plain and obvious meaning: a duty to tell pleading defendants only of their right to appeal their sentences. *Id.*

There is a split in the circuits regarding the proper standard for reviewing the trial court's failure to advise the defendant of his right to appeal. The majority rule is that when a trial court fails to inform a defendant

---

1. Under the Sentencing Guidelines, § 5K1.1 allows the court to depart downward from the guidelines upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

2. Federal Rule of Criminal Procedure 32(a)(2) provides, in pertinent part:

There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence.
Fed.R.Crim.P. 32(a)(2).

of his right to appeal, the right to appeal must be reinstated without regard to whether the defendant knew of that right. In *United States v. Benthien,* 434 F.2d 1031, 1032 (1st Cir.1970), the First Circuit held that a trial court's failure to inform a defendant of his right to appeal in compliance with Rule 32(a)(2) constitutes per se reversible error. *See also United States v. Deans,* 436 F.2d 596, 599, n. 3 (3rd Cir.), *cert. denied,* 403 U.S. 911, 91 S.Ct. 2211, 29 L.Ed.2d 688 (1971) ("there is no adequate substitute for compliance on the record with Rule 32(a)(2)"); *Paige v. United States,* 443 F.2d 781, 782 (4th Cir.1971) (failure of a sentencing court to advise a convicted defendant of his right to appeal as required by Rule 32(a)(2) requires a remand for resentencing and reinstatement of the right to appeal); *Nance v. United States,* 422 F.2d 590, 592 (7th Cir.1970) ("the only remedy for the failure of the district court to advise a defendant of his right to appeal is for the case to be remanded to the district court for resentencing at which time the court should inform him of his appeal rights as required by Fed. R.Crim.P. 32(a)(2)"); *United States v. Smith,* 387 F.2d 268, 270–71 (6th Cir.1967). The rationale behind adopting the per se view is that it would "eliminate persistent litigation over whether the defendant had been fully informed of his rights by his counsel." *United States v. Drummond,* 903 F.2d 1171, 1175 (8th Cir.1990) (Heaney, J., dissenting), *cert. denied,* 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991).

The majority of the court in *Drummond,* however, rejected the majority view and held that the court's failure to inform defendant of his right to appeal does not per se require reversal; rather the court must determine whether the Rule 32(a)(2) violation actually prejudiced the defendant's right to appeal. *Drummond,* 903 F.2d at 1174. The Eighth Circuit in *Drummond* noted that the courts espousing the majority view failed to discuss the applicability of Federal Rule of Criminal Procedure 52(a) which, when applicable, requires a reviewing court to employ a harmless error analysis when reviewing trial court errors. The court further noted the Supreme Court's statement in *United States v. Lane,* 474 U.S. 438, 448 n. 11, 106 S.Ct. 725, 731 n. 11, 88 L.Ed.2d 814 (1986), that "Rule 52(a) admits of no broad exceptions to its applicability." Since the Rule 32(a)(2) violation was nonconstitutional in nature, the court in *Drummond* held that the error was harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such an effect. *Drummond,* 903 F.2d at 1174 (internal quotations eliminated) (citing *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). The court placed the burden on the government to establish by clear and convincing evidence that a defendant who was not informed of his right to appeal had waived such right. *Drummond,* 903 F.2d at 1174.

We find persuasive the rationale behind the per se rule. However, our decision in *United States v. DeSantiago–Martinez,* 980 F.2d 582 (9th Cir.1992), necessarily dims any bright line to a gray line and arguably augurs the harmless error approach used in *Drummond.* Judge Ferguson, dissenting, correctly gleaned the holding of *Marrow. Id.* at 584–85. But the majority held that Rule 32(a)(2) admonishments are unnecessary when the defendant expressly waives his sentencing appeal rights in the plea agreement. *Id.* at 583.

Although we subscribe to the rationale behind the per se rule, we are constrained by *DeSantiago–Martinez.* There are, and likely will be in the future, occasions were Rule 32(a)(2) admonishments are unnecessary. But that is not the case here because Biro did not waive his right to appeal in his plea agreement.

It is unclear whether the district court addressed the Rule 32(a)(2) violation because it summarily dismissed and denied Biro's motion without explaining its ruling. However, Biro raised the issue, and our review of the transcript from the sentencing hearing indicates that the district court did not advise Biro of his right to appeal. We remand to the district court for resentencing and notice to the defendant of his right to appeal his sentence under Rule 32(a)(2).

REVERSED and REMANDED.