47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie EVERETT, Defendant-Appellant.
 No. 94-50016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1995.*
Decided Feb. 8, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lonnie Everett appeals for the second time his jury conviction for violating 21 U.S.C. Secs. 841(a)(1) and 846 for (1) conspiracy to possess cocaine and cocaine base with intent to distribute; (2) possession of cocaine base with intent to distribute; and (3) distribution of cocaine base. This court affirmed Everett's conviction on June 3, 1993. We remanded, however, for resentencing without using career offender provisions of the sentencing guidelines, with instructions that Everett's adjusted base offense level is to remain at level 38.
 
 
 4
 Everett asserts that (1) he was entrapped, (2) the trial court on resentencing failed to inform him of his right to appeal in violation of statutory and constitutional provisions, (3) his presentence report was never amended, and (4) laboratory results regarding the purity of the cocaine possessed were incorrect. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 I. Entrapment
 
 5
 Our mandate on remand was a limited one. Everett did not raise an entrapment defense at trial or in his first appeal. He is barred from raising this defense now. United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987); Cf. United States v. Wanless, 882 F.2d 1459, 1462-63 (9th Cir.1989). Everett has not shown exceptional circumstances to justify deviation from our general rule not to consider issues raised for the first time on appeal. Rubalcaba, 811 F.2d at 493.
 
 II. Resentencing
 
 6
 It does appear that the trial court failed to comply fully with Fed.R.Crim.P. 32 by not informing Everett on December 13, 1993 of his right to appeal his new sentence. However, Defendant filed a notice of appeal of his new sentence a week after sentencing. Thus, the error was harmless. United States v. Mejia, 953 F.2d 461 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992). Everett cites Biro v. United States, 24 F.3d 1140 (9th Cir.1994). Biro, however, is distinguishable because it was a habeas petition seeking to vacate or correct his sentence. The defendant in Biro had not previously appealed his sentence.
 
 III.
 
 7
 In light of our limited mandate to the district court, a new presentence report was not necessary. United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989). Further, we have already considered and rejected Everett's contention that his unadjusted base offense should be 34, not 36. On the basis of our previous decision, Everett's sentence has been reduced from 360 to 292 months. The district court was not permitted to deviate from the express terms of our mandate. Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir.1993).
 
 IV.
 
 8
 Similarly, Everett's arguments concerning the purity of cocaine were waived when he did not raise them at trial or on the earlier appeal. Rubalcaba, 811 F.2d at 491; Wanless, 882 F.2d at 1462-63. Moreover, substantively, the arguments have no merit because his sentence was based on the amount of cocaine negotiated for distribution.
 
 V.
 
 9
 For the foregoing reasons, we AFFIRM Everett's conviction and sentence.
 
 
 
 *
 The Panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3