50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Percy James PEARCE, Defendant-Appellant.
 No. 93-10548.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Percy Pearce appeals pro se his conviction for armed bank robbery. Pearce argues that the government committed various acts of misconduct, his attorney was ineffective, and the district court denied him the right of allocution at sentencing. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Pearce entered a guilty plea on December 30, 1980 and was sentenced to 25 years in prison. Thirteen years later, following a remand from this court, the district court determined that Pearce's defense attorney had failed to file a notice of appeal despite Pearce's request. See United States v. Pearce, 992 F.2d 1021, 1023 (9th Cir.1993). To remedy the deprivation of the right to appeal, the district court vacated and re-entered judgment. This timely appeal followed.
 
 
 4
 Because Pearce entered a guilty plea, he may attack the voluntary or intelligent nature of his guilty plea, but he is barred from raising pre-plea claims. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). For example, he may not raise due process claims of prosecutorial misconduct unless it appears from the face of the indictment or the record at the time he entered his guilty plea that the government lacked the power to prosecute him. United States v. Broce, 488 U.S. 563, 574-75 (1989).
 
 I. Prosecutorial Misconduct Claims
 
 5
 Pearce argues that the government committed several acts of misconduct. Pearce first argues that the United States Attorney for the Eastern District of California, Herman Sillas, was forcibly removed from office for taking bribes and coerced Pearce into pleading guilty by threatening to bribe him. We may consider this claim to the extent that it implicates the voluntariness of Pearce's guilty plea. See id. at 569. Pearce provides no factual support for his allegations against Sillas. Moreover, the record of the plea colloquy establishes that Pearce voluntarily pleaded guilty. Defense counsel advised the court that initially he had recommended Pearce go to trial, but when the co-defendant, Luther Harris, agreed to testify against Pearce and one of the bank tellers made a positive identification of Pearce, counsel advised Pearce to plead guilty. The court conducted a careful inquiry. Pearce stated under oath that he had not been pressured into pleading guilty.
 
 
 6
 In addition, shortly after Pearce entered his plea, he filed a pro se motion to withdraw the plea, alleging that the government manufactured evidence against him by planting a map of the bank in his wallet and coerced his plea. At that time, the district court made additional factual findings about Pearce's demeanor. The court found that Pearce had answered the court's questions firmly, clearly, and articulately. Therefore, this claim fails. See Moran v. Godinez, 40 F.3d 1567, 1577 (9th Cir.1994).
 
 
 7
 To the extent that Pearce contends that the alleged misconduct of Sillas tainted the indictment, the entry of the guilty plea bars our consideration of the claim. See United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990). Similarly, Pearce's allegations that the government (1) coerced testimonial evidence from him in violation of Schmerber v. California, 384 U.S. 757 (1966); (2) coerced his attorney to suppress evidence that Pearce was the one identification witness; (3) manufactured the map; and (4) selectively prosecuted him, all antedate the entry of his plea; therefore, we do not consider them. See United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992); Montilla, 870 F.2d at 552.
 
 
 8
 Pearce also argues that in May 1990 the government committed perjury by stating that Donald Searles had resigned from the United States Attorney's Office and his whereabouts were unknown. Because this alleged perjury occurred ten years after Pearce entered his guilty plea, it could not have affected his decision to enter a plea. Moreover, even assuming the government misrepresented the whereabouts of Searles, Pearce does not explain why Searles was important to his case.
 
 
 9
 Similarly, we reject Pearce's claim that two United States Marshals threatened him not to pursue his right to appeal at the September 30, 1991 evidentiary hearing. Any misconduct in this regard did not prejudice Pearce because the district court granted Pearce the right to a fresh appeal.
 
 II. Ineffective Assistance of Counsel Claims
 
 10
 We may consider an ineffective assistance of counsel claim on direct appeal when the record is clear. United States v. Miskinis, 966 F.2d 1263, 1268 (9th Cir.1992). To prevail, a defendant must show prejudice from the attorney's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). We review de novo. United States v. Layton, 855 F.2d 1388, 1416 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989).
 
 
 11
 Pearce alleges that he received ineffective assistance of counsel because his defense attorney, David Roberts, was subsequently convicted of failing to file tax returns. Pearce does not explain how the conviction affected his decision to enter a guilty plea ten years earlier or otherwise prejudiced his conviction. See United States v. Hoffman, 733 F.2d 596, 599-601 (9th Cir.) (no per se constitutional violation arises when attorney was suspended after trial concluded), cert. denied, 469 U.S. 1039 (1984). Therefore, we reject this claim.
 
 
 12
 Pearce also argues that his attorney rendered incompetent assistance by revealing to the district court at sentencing that Pearce and his co-defendant Harris were involved in a cohabitational relationship.
 
 
 13
 Harris had confessed his role in the robbery and cast Pearce as the more culpable participant. In rebuttal, defense counsel informed the court that Pearce and Harris were "in a relationship of cohabitation," that Harris was the dominant partner, and, therefore, Harris was the more culpable participant.
 
 
 14
 Nothing in the record suggests that the district court used Pearce's sexual orientation against him; instead, the court imposed a 25-year sentence because of Pearce's criminal history, his continued criminal conduct while a fugitive, the number of robberies, and the seriousness of the crime. Moreover, the district court informed Pearce at the time he entered his guilty plea that it was inclined to impose the maximum sentence. Therefore, the attorney's conduct was a reasonable strategic decision that did not prejudice Pearce. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.1994).
 
 III. Right to Allocution
 
 15
 As a final claim, Pearce alleges that the district court deprived him of the right of allocution at sentencing. At the initial sentencing on January 19, 1981, the district court honored Pearce's right of allocution. Indeed, the court told Pearce that he could "take the rest of the afternoon in making your statement." Thus, the court complied with Fed.R.Crim.P. 32(a)(1)(C) at the original sentencing hearing.
 
 
 16
 After Pearce succeeded in his claim that his attorney had failed to file a notice of appeal from the conviction, however, the district court vacated and re-entered judgment without Pearce's presence. The district court was acting on this court's instruction as we held that the remedy for a violation of the right to appeal was for the district court to re-enter judgment to afford the defendant an opportunity to file a "fresh appeal." Pearce, 992 F.2d at 1023. Because the re-entry of judgment was for the purpose of protecting Pearce's right to a direct appeal, we conclude that Pearce was not entitled to another opportunity to address the court. Allowing Pearce to advance reasons for the mitigation of his sentence would serve no purpose because the district court was not re-considering Pearce's sentence. Cf. United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (denial of right of allocution was harmless because allocution would not have affected sentence), cert. denied, 112 S.Ct. 1983 (1992).
 
 
 17
 We reject as frivolous any claim not specifically addressed in this memorandum disposition.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3