66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelly NAPLES, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelly NAPLES, Jr., Defendant-Appellant.
 Nos. 94-10297, 94-15331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion appeals, Kelly Naples, Jr., appeals pro se his 1991 conviction and the denial of his motion to vacate his sentence under 28 U.S.C. Sec. 2255. We dismiss No. 94-10297 for lack of appellate jurisdiction. In No. 94-15331, we affirm in part, reverse in part, and remand for further proceedings consistent with this disposition.
 
 
 3
 Following Kelly's plea to four counts of distributing cocaine, the district court imposed a 44-month sentence. Judgment was entered February 19, 1991 and no direct appeal was filed.
 
 
 4
 In June 1993, Kelly filed a pro se motion to vacate his sentence alleging that neither the district court nor his attorney advised him of the right to appeal. Kelly raised other issues concerning his guilty plea and sentence. The district court determined that it had failed to advise Kelly of his right to appeal his sentence. Biro v. United States, 24 F.3d 1140, 1141-42 (9th Cir.1994) (per se reversible error occurs if district court fails to advise a defendant who pleads guilty of his right to appeal the sentence). To remedy the error, the district court granted the Sec. 2255 motion in part and gave Kelly ten days to appeal the 1991 judgment. The court denied the remaining claims without prejudice to Kelly's right to file another Sec. 2255 motion in the event they were not raised in the direct appeal.
 
 
 5
 Kelly filed two notices of appeal, one from the original February 1991 judgment (No. 94-10297) and one from the order disposing of the Sec. 2255 motion (No. 94-15331).
 
 
 6
 We dismiss the direct appeal for lack of jurisdiction. The district court cannot extend the time to appeal beyond the thirty day period in Fed.R.App.P. 4(b). United States v. Pearce, 992 F.2d 1021, 1022 (9th Cir.1993) (district court lacks authority to order an out-of-time appeal); United States v. Buzard, 884 F.2d 475, 475-76 (9th Cir.1989) (Fed.R.App.P. 4(b) permits district court to extend time for filing a notice of appeal for a period "not to exceed 30 days"), cert. denied, 495 U.S. 906 (1990). Here, the district court in effect extended the time to appeal the judgment by three years. Instead, having concluded that Kelly was entitled to Sec. 2255 relief because he had been wrongfully deprived of his right to appeal, the district court should have vacated and reentered the judgment to allow the ten-day period to run anew. Cf. United States v. Horodner, 993 F.2d 191, 196 (9th Cir.1993) (when district court concludes defense attorney rendered ineffective assistance by failing to advise defendant of his right to direct appeal, district court should vacate judgment to allow a fresh appeal); Pearce, 992 F.2d at 1022-23 (same).
 
 
 7
 In addition, Kelly had in forma pauperis status at the time he filed his Sec. 2255 motion and he moved for the appointment of counsel in the district court. The district court, therefore, should have appointed counsel in the direct appeal. See Ellis v. United States, 356 U.S. 674, 675 (1958) (per curiam) (indigent defendant is entitled to assistance of counsel in direct appeal to federal court).
 
 
 8
 As to the remaining issues in the Sec. 2255 motion, we agree with the district court's decision to deny the claims without prejudice to their renewal in the event they are not raised on direct appeal. Horodner, 993 F.2d at 196 (concluding that defendant was entitled to a fresh appeal, but declining to entertain pro se arguments in the Sec. 2255 motion because they were best left for the attorney to raise in the direct appeal); see also Tripati v. Herman, 843 F.2d 1160, 1162 (9th Cir.) (ordinarily court will not consider a Sec. 2255 motion while a direct appeal is pending), cert. denied, 488 U.S. 982 (1988).[1]
 
 
 9
 NO. 94-10297 IS DISMISSED FOR LACK OF APPELLATE JURISDICTION. NO. 94-15331 IS AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court is informed that Naples was released from custody and is serving his term of supervised release. The United States Attorney shall use all reasonable means to effect delivery of this memorandum to Naples. Within 14 days, the United States Attorney shall submit to the Clerk proof of such efforts and the results thereof. See Gen.Ord. Sec. 10.8
 The court notes that the United States Attorney has failed to comply with a July 6, 1994 order and an April 18, 1995 order directing him to use all reasonable means to deliver mail to Naples and to submit to the Clerk proof of his efforts within 14 days. Gen.Ord. Sec. 10.8. Further non-compliance with the court's orders may result in the imposition of sanctions. Fed.R.App.P. 46(c).