66 F.3d 318
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Anthony WILFORD, Defendant-Appellant.
 No. 95-6085.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1995
Decided Sept. 20, 1995
 
 Richard Anthony Wilford, Appellant Pro Se.
 Andrea L. Smith, Office of the United States Attorney, Baltimore, MD, for Appellee.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Anthony Wilford, a federal prisoner, appeals the district court's orders granting relief on his 28 U.S.C. Sec. 2255 (1988) motion and denying his motion for reconsideration. Because a portion of the district court's final order violates the rule articulated in United States v. Peak, 992 F.2d 39 (4th Cir.1993), we vacate the orders and remand with instructions to comply fully with Peak.
 
 
 2
 Wilford pled guilty to conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C.A. Sec. 846 (West 1995), and aiding and abetting in violation of 18 U.S.C. Sec. 2 (1988). The district court sentenced him to sixty months imprisonment, ordered five years of supervised release, and imposed a $50 special assessment. The court entered its judgment on December 16, 1992. No appeal was taken.
 
 
 3
 Wilford filed this Sec. 2255 motion claiming, inter alia, that his counsel rendered ineffective assistance by failing to file a notice of appeal from his conviction, thereby effectively depriving him of counsel altogether. According to the Government, Wilford's counsel stated that Wilford did not ask him to file an appeal. However, the Government consented to a belated appeal rather than requesting an evidentiary hearing to resolve the factual dispute regarding whether Wilford asked his counsel to file an appeal. The district court granted Wilford's Sec. 2255 motion on December 13, 1994, concluding that Wilford had been denied assistance of counsel in filing a direct appeal. The district court fashioned a remedy permitting Wilford time to file a belated appeal from his judgment of conviction on or before December 30, 1994. The district court also denied Wilford's motion for reconsideration, reasoning that the order allowing Wilford time to file a belated direct appeal cured the error committed by Wilford's counsel. Wilford filed his appeal from the judgment of conviction and from the district court's orders in this Sec. 2255 proceeding before December 30, 1994.
 
 
 4
 A criminal defendant's counsel who fails to file a direct appeal when requested to do so by his client "deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." Peak, 992 F.2d at 42. In Peak, this court reversed the district court's denial of Sec. 2255 relief and remanded with instructions that the judgment of conviction against the petitioner be vacated and a new one entered from which he could appeal. Id. (citing Estes v. United States, 883 F.2d 645, 649 (8th Cir.1989)).
 
 
 5
 Here, the district court correctly concluded that Wilford had been deprived of his Sixth Amendment right to counsel by his counsel's failure to file a direct appeal. See Peak, 992 F.2d at 42. We find, however, that the district court did not have jurisdiction to grant a belated direct appeal because Wilford filed his notice of appeal from the judgment of conviction well beyond the appeal and extension periods provided by Fed. R.App. P. 4(b). See United States v. Pearce, 992 F.2d 1021, 1022-23 (9th Cir.1993) (citing Page v. United States, 884 F.2d 300, 302 (7th Cir.1989)); cf. United States v. Schuchardt, 685 F.2d 901, 902 (4th Cir.1982) (per curiam). Because the remedy fashioned by the district court violated the rule in Peak that the judgment of conviction be vacated and a new one entered from which an appeal may be taken, see Peak, 992 F.2d at 42, we vacate the district court's order granting Sec. 2255 relief and remand with instructions to comply fully with Peak. We also vacate the district court's order denying Wilford's motion for reconsideration.
 
 
 6
 We deny Wilford's motion for appointment of counsel without prejudice to his right to refile such a motion in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED