69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel ESPINOZA-BETANCOURT, Defendant-Appellant.
 No. 94-50579.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Oct. 25, 1995.
 
 1
 Before: POOLE and O'SCANNLAIN, Circuit Judges; MARQUEZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Miguel Espinoza-Betancourt appeals his conviction by guilty plea and sentence under the Sentencing Guidelines for conspiracy to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) & 846. We dismiss the appeal for lack of jurisdiction.
 
 
 4
 * Federal Rule of Appellate Procedure 4(b) requires that the notice of appeal in a criminal case be filed in the district court "within 10 days after the entry either of the judgment or order appealed from." Upon a showing of "excusable neglect," the district court may extend the time for filing a notice of appeal "for a period not to exceed 30 days" from the expiration of the 10-day period. Fed.R.App.P. 4(b). Thus, the maximum time that a district court may designate for a defendant to file a notice of appeal is 40 days after the entry of judgment.
 
 
 5
 Here, the district court entered the judgment on July 14, 1994, but Espinoza-Betancourt filed the notice of appeal on October 3, 1994, significantly more than 40 days after entry of judgment. In his filing, Espinoza-Betancourt made no showing of excusable neglect, and the district court neither made a finding of excusable neglect nor extended the time period for filing the notice of appeal. See United States v. Stolarz, 547 F.2d 108, 111 (9th Cir.1976) (mere acceptance of notice of appeal by court clerk after 10-day period does not give rise to extension of time to file), cert. denied, 434 U.S. 851 (1977).
 
 
 6
 This court has consistently held that compliance with Rule 4(b) is "both mandatory and jurisdictional." United States v. Eccles, 850 F.2d 1357, 1363 (9th Cir.1988); United States v. Avendano-Camacho, 786 F.2d 1392, 1394 (9th Cir.1986); Smith v. United States, 425 F.2d 173, 174 (9th Cir.1970); see United States v. Robinson, 361 U.S. 220, 229 (1960). In some cases where a defendant failed to file an appeal within 10 days, but managed to file within the following 30 days, this court has remanded the matter to the district court "for the limited purpose of determining whether excusable neglect exists for the late filing of the notice of appeal." Brannan v. United States, 993 F.2d 709, 710 (9th Cir.1993); see United States v. Sotelo, 907 F.2d 102, 104 (9th Cir.1990), cert. denied, 502 U.S. 848 (1991); Stolarz, 547 F.2d at 111-12. But neither Brannan nor Sotelo nor Stolarz involved a failure to file an appeal more than 40 days after entry of judgment.
 
 
 7
 In short, even if Espinoza-Betancourt's claims amount to excusable neglect, the district court lacks the authority to permit a notice of appeal to be filed more than 40 days after the entry of judgment. Smith, 425 F.2d at 174 (district court order purporting to extend time beyond 40-day limit "was unauthorized and is a nullity"). Moreover, under Federal Rule of Appellate Procedure 26(b), this court lacks the authority to "enlarge the time for filing a notice of appeal." Fed.R.App.P. 26(b).
 
 II
 
 8
 Espinoza-Betancourt argues that the time limit for filing his appeal did not begin to run until he was actually notified of his right to appeal; since the district court did not advise him of this right at sentencing, Espinoza-Betancourt claims that his appeal was timely. This argument is without merit.
 
 
 9
 Espinoza-Betancourt rests his argument on the holding in an inapposite Third Circuit case that is referred to by this court in dicta in Avendano-Camacho, 786 F.2d at 1394. In United States v. Deans, 436 F.2d 596 (3d Cir.), cert. denied, 403 U.S. 911 (1971), the Third Circuit held that
 
 
 10
 when a defendant does not first become aware of his right to appeal until more than forty days after his sentencing, a strict application of the Federal Rules so as to effectively deny the defendant's right to appeal would create a harsh result indeed. Accordingly, we adopt the view that the mandatory time limit for perfecting an appeal does not begin to run until the defendant is actually notified of his rights.
 
 
 11
 Id. at 599. Unlike the case at bar, Deans involved a jury conviction, so the Deans court did not confront the issue of an agreed-upon waiver of the right to appeal. In Avendano-Camacho, which also involved a conviction after trial, this court affirmed a district court's order finding that the alleged incompetency of defendant's trial counsel in failing to file the notice of appeal did not constitute "excusable neglect" warranting extension of the time for filing an appeal. Avendano-Camacho, 786 F.2d at 1394. Citing Dean in dicta, the court noted that "the defendant does not claim that the district court failed to inform him of his right to appeal as provided by Federal Rule of Criminal Procedure 32(a)(2), thus perhaps preventing running of the time for filing a notice of appeal." Id. at 1394.
 
 
 12
 Even if this court had endorsed, which it has not, the Third Circuit's narrow holding in Deans that permits tolling of the time limit for filing a notice of appeal, such a holding would not grant relief to Espinoza-Betancourt. Unlike the defendant in Deans, Espinoza-Betancourt had actual notice of his right to appeal the sentence as a result of his participation in the plea agreement. This court has held that an express waiver in a plea agreement of the right to appeal the sentence satisfies Federal Rule of Criminal Procedure 32's requirement that the court advise a defendant of any right to appeal his sentence. United States v. DeSantiago-Martinez, 980 F.2d 582, 583 (9th Cir.1992), cert. denied, 115 S.Ct. 939 (1995); see Biro v. United States, 24 F.3d 1140, 1142 (9th Cir.1994).
 
 
 13
 Finally, it should be noted that Espinoza-Betancourt cites Biro, 24 F.3d at 1141-42, for the proposition that a district court's failure to advise a defendant of his right to appeal his sentence can justify a remand for resentencing with notice of the right to appeal the sentence. Id. at 1141. Biro so holds, but the holding fails to support Espinoza-Betancourt's argument because the facts of Biro are clearly distinguishable. Unlike Espinoza-Betancourt's untimely notice of appeal, Biro involved a timely appeal from a district court's dismissal of a defendant's habeas petition that challenged a sentence imposed pursuant to a plea agreement that did not include a waiver of the right to appeal. Acknowledging this court's holding in DeSantiago-Martinez, 980 F.2d at 583, the court in Biro noted that the district court would not have been required to advise the defendant of his right to appeal the sentence if the defendant's plea agreement had contained a waiver of the right to appeal the sentence. Biro, 24 F.3d at 1142.
 
 III
 
 14
 Since we lack jurisdiction over this untimely appeal, we do not reach Espinoza-Betancourt's remaining arguments that the government breached the plea agreement and that the district court erred (1) by interfering in the plea bargaining process in violation of Federal Rule of Criminal Procedure 11(e)(1), and (2) by not decreasing the offense level by one additional level pursuant to the Sentencing Guidelines' provisions on acceptance of responsibility.
 
 
 15
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3