**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-17202 |
| Plaintiff-Appellee, | D.C. Nos. 1:18-cv-00198-JMS-KSC |
| v. | 1:11-cr-00479-JMS-1 |
| KENNETH SCOTT GORDON, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner Kenneth Scott Gordon appeals pro se from the district

court's order denying his 28 U.S.C. § 2255 motion.  We have jurisdiction under 28

U.S.C. § 2253, and we vacate and remand.

Gordon contends that counsel was constitutionally ineffective on direct

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal.  As the government concedes, the district court erred by concluding that it lacked jurisdiction to consider this constitutional claim in a section 2255 proceeding.  Our decision in *Williams v. United States*, 307 F.2d 366 (9th Cir. 1962), *overruled on other grounds by Kaufman v. United States*, 394 U.S. 217 (1969), did not hold to the contrary.  *Williams* held that a section 2255 motion cannot be used to review this court's action in dismissing an appeal; rather, relief from the dismissal must be obtained from this court.  *See id*. at 368.  Gordon's section 2255 motion does not seek relief that only this court can provide.  Should Gordon's claim have merit, the district court can grant relief by vacating Gordon's judgment of conviction.  *See* 28 U.S.C. § 2555.  We, accordingly, remand to the district court to consider the merits of Gordon's claim in the first instance.

We express no opinion as to Gordon's claim that an evidentiary hearing is warranted on remand.

In light of this disposition, we do not reach the parties' remaining arguments.

**VACATED and REMANDED.**